UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYMAN EARL CHATMAN, SR., | No. C-11-4066 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER OF SERVICE** |
| CITY AND COUNTY OF SAN FRANCISCO, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

Dayman Earl Chatman, Sr., an inmate at the San Francisco County Jail # 2, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

Chatman alleges in his complaint that police officers from the San Francisco Police Department used unnecessary force on him when they arrested him on March 19, 2010. Oddly, he refers to the officers as Does 1-5 in the "statement of claim" part of the complaint, but lists each Doe Defendant's true name in the list of Defendants. With the officers' names connected to the Doe Defendant designation, the complaint alleges the following:

During a "buy-bust SFPD operation," Chatman was "knocked face down" by officers Minner and Caldera. Complaint, p. 3. After he was handcuffed, officers Minner and Caldera "used their hands to choke [him] and their fingers in [his] nose to cut off all [his] air completely." *Id.* Officers Bueiow and Nuguchi beat Chatman on the legs. Officer Andraychak arrived while other officers

"chocked [Chatman] and stuck pens and objects in [his] mouth." *Id.* Chatman then had a heart attack and was taken to San Francisco General Hospital for treatment. Chatman, now 61 years old, continues to have health problems.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of '"the nature and quality of the intrusion on the individual's Fourth Amendment interests"' against the countervailing governmental interests at stake." *See Graham*, 490 U.S. at 396 (citations omitted).

Liberally construed, the complaint's allegations that San Francisco police officers Minner, Caldera, Bueiow, and Nuguchi assaulted Chatman on March 19, 2010, while arresting him state cognizable § 1983 claims for excessive force in violation of the Fourth Amendment.

The complaint also states a cognizable § 1983 claim against officer Andraychak, although the allegations of the complaint are unclear whether Andraychak participated in, or merely watched, the use of force on the handcuffed Chatman. An officer may have liability based on failure to

2

intervene to prevent a constitutional violation if that officer had a reasonable opportunity to intervene to prevent the violation. *See Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000).

Chatman listed the City and County of San Francisco and the San Francisco Police Department as Defendants but alleged no basis for liability against either. It appears that he has named them on a theory of respondeat superior, but that is an impermissible basis for § 1983 liability. A city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). The municipal Defendants are dismissed.

## IV. CONCLUSION

1. The amended complaint states cognizable §1983 claims against San Francisco police officers Minner, Caldera, Bueiow, Nuguchi, and Andraychak for violating Chatman's Fourth Amendment rights. All other claims and defendants are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following individuals, all of whom apparently are employed at the San Francisco Police Department

- officer Minner (star # 149)
- officer Caldera (star # 498)
- officer Bueiow (star # 107)
- officer Nuguchi (star # 1550)
- officer Andraychak (star # 457)

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **June 22, 2012**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **July 20, 2012**. Plaintiff must

bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (*See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a Defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The Plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a Defendant's motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

   c. If Defendant wishes to file a reply brief, the reply brief must be filed and served no later than **August 3, 2012**.

  4. All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

IT IS SO ORDERED.

Dated: April 3, 2012

_____
EDWARD M. CHEN
United States District Judge